Steven YAFFE, Petitioner—Appellant,

v.

The SMITH BARNEY DIVISION OF CITIGROUP GLOBAL MARKETS, INC., Erroneously sued as Citigroup Global Markets, Inc., Respondent—Appellee.

No. 05–55365.

D.C. No. CV–03–04731–PA.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 17, 2006.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Decided April 13, 2006.

Steven Yaffe, Sherman Oaks, CA, pro se.

Trish M. Higgins, Orrick, Herrington & Sutcliffe, LLP, Sacramento, CA, for Respondent—Appellee.

Before SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

## MEMORANDUM**

Steven Yaffe appeals pro se the district court's refusal to vacate an arbitration award. We conclude the arbitrator's decision was not made in "manifest disregard for the law" and, accordingly, we affirm.

## DISCUSSION

Yaffe sought arbitration after he was discharged from his job at the Smith Barney Division of the Citigroup Global Markets, Inc. ("Smith Barney") for allegedly engaging in unauthorized trading, failing to follow instructions, and misrepresenting facts to his supervisor. The arbitrator ruled against Yaffe, concluding "the evidence was sufficient to support a reasonable conclusion that Mr. Yaffe did commit the offending acts." Yaffe moved to vacate the decision, contending the arbitrator failed to address all of his arguments, there was not "good cause" for his termination, Smith Barney failed to investigate and provide him an adequate opportunity to respond to the allegations, and the arbitrator erred by not imposing penalties for Smith Barney's delays in paying Yaffe his earned commissions and returning his investment funds.

We conclude these arguments are beyond the "extremely limited" scope of review of an arbitration award. *See G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1105 (9th Cir.2003). Such an award must be upheld unless "it constitutes a manifest disregard of the law." *Id.* (internal quotation omitted). We have explained that "manifest disregard of the law" means "something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Carter v. Health Net of California, Inc.,* 374 F.3d 830, 838 (9th Cir.2004) (internal quotation omitted). Here, Yaffe simply disagrees with the arbitrator's findings and application of law and, accordingly, does not meet the standard of "manifest disregard." *See id.* (noting "mere allegations of error are insufficient").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

